IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Shenzhen Aifasite Electronic Commerce Co., Ltd. | ) ) ) | Case No.: 9:24-cv-80174-AMC |
| | ) | Judge: Aileen M. Cannon |
| Plaintiff, | ) ) | |
| | ) | Mag. Judge: Ryon M. McCabe |
| v. | ) ) | |
| WEIYIN Co.Ltd, JIEYAN Co.Ltd, BAOFEI Co.Ltd, ANBAO Co.Ltd | ) ) ) | |
| Defendants. | ) ) ) ) | |

**PLAINTIFF SHENZHEN AIFASITE'S MOTION FOR LEAVE TO CONDUCT EXPEDITED THIRD-PARTY DISCOVERY AND MEMORANDUM OF LAW**

Plaintiff Shenzhen Aifasite Electronic Commerce Co., Ltd. ("Aifasite" hereinafter), by and through the undersigned counsel, hereby respectfully requests leave to conduct expedited discovery of third party ecommerce platforms and payment processors Walmart, Payoneer and Paypal, as well as any other identified platform or payment processor. In support of its request, Plaintiff states:

1. Plaintiff filed its Amended Complaint on February 26, 2024 in order to combat the willful and intentional counterfeiting and infringement of its federally registered Calsunbaby trademark, which is covered by U.S. Trademark Registration No. 5,565,547 ("Calsunbaby"). D.E. 4 at ¶ 4.

2. As described in the Amended Complaint, Defendants are believed to be foreign nationals and/or operating businesses. D.E. 4. ¶¶16-17. As a result, Plaintiff is unable to ascertain

1

the true identities and financial account information associated with the Seller IDs and URL links. *Id.*

3. It is Plaintiff's intention that if this Court should grant its Motion for Expedited Discovery, its undersigned counsel will immediately serve by electronic service any order granting discovery on the e-commerce platforms hosting the Defendants' infringing ecommerce stores.

4. Plaintiff seeks to have a meaningful opportunity to review the identifying information for individuals behind the Seller IDs and e-mails produced from the e-commerce platforms to evaluate whether to move for any potential relief such as alternate service or an injunction. For example, without the ability to seek expedited discovery as requested, Plaintiff is unable to identify true names and identities and purchase or sales history over the relevant time period. Plaintiff is unable to implement an asset freeze against Defendants' accounts without this information.

5. In addition, the information in control by the third party e-commerce platforms is necessary to help the Plaintiff identify all the accounts involved in the Defendant's infringing schemes.

**MEMORANDUM OF LAW**

"The Federal Rules of Civil Procedure provide that discovery *may commence before* the parties have engaged in a discovery conference, if ordered by the court." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (citing Fed.R.Civ.P. 26(d), (f)). Moreover, "[c]ontrol of discovery is committed to the sound discretion of the trial court[.]" *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citations omitted). "A district court has the discretion to order expedited discovery if the party seeking it establishes

2

'good cause' for such discovery." *Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *1 (M.D. Fla. Dec. 8, 2020) (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla., J. Charlene Honeywell, Jan. 29, 2016)). "Good cause can be shown by establishing some compelling urgency which necessitates action forthwith and excuses giving notice to the other party." *Ghaffari v. Collins Tower Ass'n*, No. 13-cv-21037, 2013 WL 12141254, at *1 (S.D. Fla., J. Jose Martinez, June 18, 2013).

A Court may consider the following factors in determining whether a party has demonstrated sufficient good cause to grant the instant motion:

(1) whether a motion for preliminary injunction is pending;

(2) the breadth of the requested discovery;

(3) the reason(s) for requesting expedited discovery;

(4) the burden on the opponent to comply with the request for discovery;

(5) how far in advance of the typical discovery process the request is made.

*St. Jude Med. S.C., Inc. v. Biosense Webster Inc.*, No. 6:13-cv-333, 2013 WL 1502184, at *1 (M.D. Fla., J. Thomas Smith, Apr. 12, 2013) (citation omitted). Furthermore, District Courts throughout the Southern District of Florida have permitted expedited discovery to allow a plaintiff to mitigate any further irreparable harm caused by a defendant's ongoing infringement scheme. *See Frugality, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified in Schedule "A,"* Case No.: 1:21-cv-23025-BB (S.D. Fla. May 12, 2022, Bloom, J.); *TracFone Wireless, Inc. v. CNT Wireless LLC*, No. 1:19-cv-24325, 2019 WL 5863911, at *2 (S.D. Fla., J. Darrin Gayles, Nov. 8, 2019) (finding that expedited discovery is warranted so that TracFone may mitigate any additional irreparable harm caused by Defendants' alleged ongoing

scheme."); *Kevin Harrington Enterprises, Inc. v. Bear Wolf, Inc.*, No. 98-cv-1039, 1998 WL 35154990 (S.D. Fla., J. Ursula Ungaro, Oct. 8, 1998) (likelihood of irreparable harm shown where infringement leaves plaintiff without the ability to control its own reputation).

Plaintiff respectfully submits that it has demonstrated good cause for seeking expedited discovery. As to the first factor, Plaintiff has sufficiently established a viable claim of trademark counterfeiting and infringement and false designation of origin through the Amended Complaint and the declarations and exhibits filed with this Court.

Second, Plaintiff's requested relief is sufficiently tailored to provide a reasonable scope of information to 1) identify the Defendants and 2) identify the accounts used in the infringement. This information is essential for Plaintiff to evaluate whether to pursue alternate electronic service of the instant action and any hearings that may be set by this Court. In addition, the information will assist the Plaintiff in mitigating any additional irreparable harm caused by the Defendants' ongoing infringement scheme.

Third, the need for this Plaintiff's expedited discovery is compelling where the Defendants are not able to be readily identified by more than a Seller ID or email address. That the Defendants are believed to be foreign nationals and operate out of foreign jurisdictions, particularly the People's Republic of China, making Plaintiff's effort to ascertain the true identity of the Defendants or any financial accounts related to the Defendants' infringing conduct nearly impossible without the relief requested herein.

Fourth, the burden on the opponent is not onerous. The information is readily available to the third party e-commerce platform. In addition, the information requested is sufficiently tailored to prevent any overreaching or undue burden to either the third party e-commerce platform or the Defendants.

In conclusion, Plaintiff requests that the instant motion be granted on its own merits because Plaintiff must proceed to further investigate its case in order to protect its registered intellectual property rights, with or without the benefit of injunctive relief.

WHEREFORE, Plaintiff respectfully requests for this Honorable Court to grant its request for expedited discovery.

Respectfully Submitted this 1st day of March, 2024,

/s/ *Lydia Pittaway*
Fla. Bar No.: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com

5