UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-80174-CIV-CANNON

**SHENZEN AIFASITE ELECTRONIC
COMMERCE CO., LTD**,

    Plaintiff,
v.

**WEIYIN CO.LTD, JEIYAN CO.LTD,
BAOFEI CO.LTD, and ANBAO CO.LTD**,

    Defendants.
_____/

## ORDER DISMISSING SHOTGUN COMPLAINT; PERMITTING REPLEADING; AND DENYING AS MOOT MOTION FOR DISCOVERY

**THIS CAUSE** comes before the Court upon a sua sponte review of the record and Plaintiff's recently filed Amended Complaint [ECF No. 4]. For the reasons set forth below, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading and for failing to adequately address the permissive joinder issues outlined in the Court's prior Order [ECF No. 5].[1] Plaintiff's Motion for Discovery [ECF No. 7] is **DENIED AS MOOT**.

\*\*\*

First, Count II of the Amended Complaint incorporates all preceding allegations in contravention of the rules against "shotgun pleading" [ECF No. 4 ¶ 45]. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came

---

[1] The Court previously dismissed Plaintiff's Complaint on similar grounds, but that order was not docketed until after Plaintiff filed the instant Amended Complaint [ECF Nos. 4–5].

before and the last count to be a combination of the entire complaint.").

Second, Plaintiff's Amended Complaint lumps together allegations against the four "Defendant Internet Stores" collectively and without differentiation—ultimately failing to give adequate notice to each Defendant of the factual grounds for each of Plaintiff's claims against each named Defendant. *See generally Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015); *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) ("In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient."); Fed. R. Civ. P. 8(a).

Third, and building on the prior point, Plaintiff seeks to join multiple defendants into one action but has not pled any non-conclusory basis for permissive joinder under Rule 20(a)(2) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 20(a)(2). Joinder is permissible if there is a logical relationship between the underlying operative facts and the claims brought, such as where the claim is "based on the same series of discriminatory transactions by the same decision-maker in the same department during the same short time frame." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1324 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *see also Skillern v. Georgia Dep't of Corr. Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (noting that mere allegation that defendants are connected by their shared "indifference" to Plaintiff's rights can be insufficient for permissible joinder). Here, all that Plaintiff provides in the general category of commonality is that "Defendant Internet Stores" "share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise of out of the same transaction, occurrence, or series of transactions or occurrences" [ECF No. 4 ¶ 5].

Without other pled facts or authority, the Court deems this conclusory assertion insufficient to warrant permissive joinder. "One defendant's alleged trademark infringement does not necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement of the same mark." *Omega, SA v. Individuals, Bus. Entities , & Unincorporated Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (joining other courts in holding that "a plaintiff cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Amended Complaint [ECF No. 4] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file a Second Amended Complaint in accordance with this Order on or before **March 27, 2024**. **The second amended complaint must not contain any successive counts that incorporate all prior allegations**. In other words, Counts I and II may incorporate the same factual allegations (paragraphs 1 through 36), but Count II must not broadly incorporate the allegations of previous counts.

3. Each count must identify the particular legal basis for liability and contain specific factual detail, either in the Second Amended Complaint or in the supporting attachments, to support the specific factual basis of liability against each of the Defendants. Plaintiff shall remain mindful of the rules against shotgun pleadings and the principles of permissive joinder under Fed. R. Civ. P. 20 as informed by Fed. R. Civ. P. 13.

4. Failure to file a compliant Second Amended Complaint in accordance with this Order may result in dismissal of the case without further notice.

CASE NO. 24-80174-CIV-CANNON

5. Plaintiff's Motion for Discovery is **DENIED AS MOOT** [ECF No. 7] pending Plaintiff's forthcoming Second Amended Complaint.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of March 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record